UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 6:21-CR-78-REW-HAI |
| v. ) | |
| ) | ORDER |
| ANGEL BENITEZ, ) | |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 111 (Rearraignment Minute Entry), United States Magistrate Judge Hanly A. Ingram recommended that the undersigned accept Defendant Angel Benitez's guilty plea and adjudge him guilty of Count One of the Second Superseding Indictment. *See* DE 112 at 2 (Recommendation); *see also* DE 110 (Plea Agreement); DE 41 (Second Superseding Indictment). Judge Ingram expressly informed Defendant of his right to object to the Recommendation and secure *de novo* review. *See* DE 112 at 2-3. The established, three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection" filed);

1

28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 112, **ACCEPTS** Defendant's guilty plea, and **ADJUDGES** Defendant guilty of Count One of the Second Superseding Indictment (DE 41);

2. The Court **CANCELS** the jury trial in this matter; and

3. The Court will issue a separate sentencing order.[1]

This the 6th day of July, 2022.

Signed By:
Robert E. Wier
United States District Judge

---

[1] Upon concluding the hearing, Judge Ingram remanded Benitez to the United States Marshal pending sentencing. *See* DE 111 (Rearraignment Minute Entry). This was Benitez's status initially, *see* DE 64 (Initial Appearance Minute Entry), so the Court sees no need to further address detention at this time; Benitez shall remain detained pending sentencing.